IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| FARRAH E. BATA, ) | |
| individually and on behalf of ) | |
| herself and all other entities and ) | |
| persons similarly situated, ) | |
| ) | |
| Plaintiff, ) | CIV. NO. 3:18-cv-00392 |
| ) | JURY DEMAND |
| vs. ) | Judge Aleta A. Trauger |
| ) | |
| ARROWHEAD CLINIC OF TENNESSEE, ) | |
| INC., and JOHN DOES 1-10, intending to refer ) | |
| to those persons, corporations or other legal ) | |
| entities that acted as agents, consultants, ) | |
| independent contractors or representatives, ) | |
| ) | |
| Defendants. ) | |

**FIRST AMENDED COMPLAINT FOR VIOLATIONS OF THE
TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227**

COMES now Farrah E. Bata ("Representative Plaintiff"), individually and on behalf of herself and all other persons or entities similarly situated, as Representative Plaintiff, and files this Complaint against the Defendants Arrowhead Clinic of Tennessee, Inc. ("Arrowhead") and John Does 1-10. Representative Plaintiff brings this Complaint to stop Defendants' practice of sending unsolicited text messages to the cellular telephones of Representative Plaintiff and others in the class using an automatic telephone dialing system ("ATDS") without their prior express consent, and to obtain redress for all persons so injured by Defendants. For her Complaint, Representative Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys and would respectfully show the Court as follows:

## PARTIES, JURISDICTION AND VENUE

1. Representative Plaintiff Farrah E. Bata is a Tennessee citizen residing in Clarksville, Tennessee. Hereinafter, Farrah E. Bata will be referred to in her individual capacity as "Representative Plaintiff" or "Plaintiff."

2. Defendant Arrowhead Clinic of Tennessee, Inc. is, upon information and belief, a Tennessee corporation, having an address of 1148 Gallatin Pike S, Madison, Tennessee 37115-4611. The registered agent is listed as Arrowhead Clinic of Tennessee at the same principal address.

3. Defendants John Does 1-10 represent those persons, corporations, or other legal entities that acted as agents, consultants, independent contractors or representatives of Defendant and/or who assisted them in creating, publishing, broadcasting and faxing the documents received on the fax machine by Representative Plaintiff, whose identities at this time are unknown but will be substituted by amendment when ascertained.

4. The claims of the class of persons represented by the Representative Plaintiff arise pursuant to the provisions of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter, "TCPA").

5. This Court has original jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 because they arise under the TCPA, which is a federal statute. The Court has personal jurisdiction over Defendant Arrowhead and venue is proper in this District because Defendant Arrowhead is incorporated in the State of Tennessee and headquartered in this District, and the conduct and events giving rise to Plaintiffs' claims arose in this District. Venue is additionally proper because Plaintiff resides here.

## FACTUAL BACKGROUND

6. On March 6, 2018, Representative Plaintiff was in an automobile accident and sought medical treatment at one of Tennova's medical facilities in Clarksville, Tennessee, which prior to joining the Community Health Systems network in January 2016, was a healthcare provider known as Gateway Medical Center. On her intake papers, Representative Plaintiff listed her cellular telephone number as her contact number; however, nowhere either orally or in writing did Representative Plaintiff give Tennova or any other third-party permission to send her marketing messages to that cell phone number.

7. On or about March 8, 2018, Representative Plaintiff received, on her cell phone, a series of text messages ("texts") from the phone number (615) 881-6711 stating: "Kortney here with Gateway Medical scheduling office for Arrowhead Clinic." The text then went on to state two different addresses of Arrowhead Clinic and stated the "only thing you need to bring is your ID" as well as "if you're hurting go ahead and come on in with absolutely no cost to you." The second text message, which immediately followed the first, provided a URL address of the Arrowhead Clinic website. On or about March 12, 2018, Representative Plaintiff received, on her cell phone, texts from the same phone number which directly replicated the previous texts sent on March 8, 2018, suggesting that it was sent via automatic telephone dialing system (ATDS).

8. Copies of the text messages that Representative Plaintiff received are attached hereto as Exhibit A.

9. Representative Plaintiff then reached out to the number on the text message, which was answered by a person who claimed to be "Kortney," and declared she was "with Arrowhead Clinic."

10. Representative Plaintiff has, and at all relevant times had, a cellular telephone with text messaging capabilities. Representative Plaintiff receives text messages at the cell number associated with that cellular telephone.

11. Defendant Arrowhead is a Tennessee for-profit entity, which offers chiropractic and other pain relief treatment to citizens of the States of Tennessee, Georgia and the surrounding region. Defendant Arrowhead advertises its services on television, has an internet website, blog, and online attorney referral portal, and encourages individuals to "CALL NOW!" at 800-961-PAIN.

## COUNT 1
## VIOLATION OF THE TCPA, 47 USC §227
### (ON BEHALF OF REPRESENTATIVE PLAINTIFF AND THE CLASS)

12. All of the preceding paragraphs are incorporated by reference as if set forth fully forth herein.

13. Defendants and/or their agents sent unsolicited text messages via ATDS to cellular telephone numbers belonging to Representative Plaintiff and the Class *en masse* without their prior express consent.

14. Defendants sent the text messages, or had them sent on its behalf, to Representative Plaintiff and the Class using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

**A.** **TCPA Prohibits Robotext Messages Send Via ATDS Without Prior Express Consent**

15. Congress passed the TCPA to protect individual consumers from receiving intrusive and unwanted calls. *See Mims v. Arrow Fin. Servs., LLC*, U.S. , 132 S. Ct. 740, 745, 181 L. Ed. 2d 881 (2012); *see also* Pub. L. 102-243, § 2, ¶¶ 5-6, 9-10, 13-14, 105 Stat 2394

4

(1991) (Congress' findings that automated calls and prerecorded messages are a "nuisance," an "invasion of privacy," and "when an emergency or medical assistance telephone line is seized, a risk to public safety.").

16. The term "call" under the TCPA and its promulgating regulations includes text messages. *See* Rules and Regulation Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014, 14115, para. 165 (2003) (2003 TCPA Order).

17. The three elements of a TCPA claim are: (1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1).

18. The Federal Communications Commission ("FCC") is empowered to implement rules and regulations meant to promulgate the TCPA, including the meaning of "prior express consent."

19. Under the TCPA and its promulgating regulations, nonprofit, tax-exempt entities may send unsolicited text messages to a cellular telephone number so long as there is no commercial message (*i.e.* the message is non-telemarketing, informational in nature) and it has received prior express consent to send such text message. The prior express consent required in this provision can be verbal and does not have to be in writing.

20. The FCC has stated that even if consumers provide their telephone number for legitimate, non-telemarketing purpose, the consumers do not expect to receive calls "that go beyond the limited purpose for which . . . consent may have been granted." 27 FCC Rcd. at 1839.

21. Upon information and belief, Defendants sent the unsolicited text messages at

issue to the cell phone of Representative Plaintiff and of the other putative Class members in an effort to advertise their services without first obtaining prior express consent, using an ATDS, all without the consent of either the Representative Plaintiff or the Class members, in violation of the TCPA.

22. Neither Representative Plaintiff, nor the other members of the Class, ever gave prior express consent to have Defendants send the unsolicited text messages at issue to their cell phones.

23. Furthermore, Defendants did not affirmatively obtain the necessary prior express consent before sending the illegal text messages at issue to the cellular telephone numbers of Representative Plaintiff or the Class.

24. By illegally contacting Representative Plaintiff via her cellular telephone with the text messages at issue without her express consent, Defendants caused her actual harm, including invading her privacy, causing her to incur reduced telephone time and capacity (*e.g.* battery life, cost to charge her cell phone) for which she had previously paid by having to retrieve or administer the Defendants' illegal text messages, as well as the aggravation, nuisance, and harassment that necessarily accompanies the receipt of unsolicited, serial text messages.

25. In response to Defendants' unlawful conduct, Representative Plaintiff files the instant lawsuit seeking to enjoin Defendants from sending unsolicited text message activities and an award of actual and statutory damages to the members of the Class under the TCPA, trebled due to their willful and knowing conduct, together with costs and reasonable attorneys' fees.

**B.** **Representative Plaintiff and the Class Have a Valid Claim for Relief**

26. Paragraph (3) of 47 U.S.C. § 227(b) provides:

   (3) Private right of action

6

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—

(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or,

(C) both such actions.

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

27. The texts received by Representative Plaintiff and the Class from Defendants were unsolicited.

28. Representative Plaintiff and the Class did not give any prior express consent, verbal or otherwise, to receive the texts described herein and displayed in Exhibit A.

29. Defendants, and/or their employees and/or its agents, created the texts, including the substance of the texts, in Exhibit A and had the capability to control the contents thereof.

30. Defendants, and/or their employees and/or their agents, determined the telephone numbers to which the texts in Exhibit A were sent.

31. Upon information and belief, Defendants sent the texts in Exhibit A to thousands of cell phone numbers located in or around Tennessee.

32. Said transmissions of texts in Exhibit A were made for the purpose of advertising the services available from Defendants.

33. Representative Plaintiff further alleges that in each instance that a text message was sent, Defendants did so willfully or knowingly.

34. Representative Plaintiff further alleges on information and belief that in each

7

instance Defendants had actual notice of participation, or a high degree of involvement, in a plan to transmit unsolicited texts to cell phones by, for example, participating in preparing their content, providing or obtaining the cell phone numbers of Representative Plaintiff or other Class recipients, and knowing that Representative Plaintiff or other Class recipients had not authorized the texts to be sent by prior express invitation or permission.

35. Representative Plaintiff therefore alleged that Defendants violated 47 U.S.C. § 227.

### C. Class Action Allegations

36. Representative Plaintiff brings this action pursuant to Fed. R. Civ. Pro. 23 on behalf of herself and the following class (the "Class") defined as follows:

> All individuals in the United States who received a text message to their cellular telephone without that individual's prior express consent offering the recipient a free visit to an Arrowhead Clinic location.

37. Excluded from the Class are: (1) Defendants and any entity in which Defendants has a controlling interest, and their legal representatives, officers, directors, assignees, and successors, and any co-conspirators; and (2) any judge or justice to whom this action is assigned, together with any relative of such judge or justice within the third degree of relationship, and the spouse of any such person.

38. Upon information and belief, Representative Plaintiff alleges that unsolicited, texts sent on behalf of the Defendants for promotional purposes have been transmitted to hundreds if not thousands of cellular telephones in and around Tennessee without their prior express consent through an intentional and persistent course of conduct. Each such transmission constitutes a separate violation of the TCPA. Because the Class members are dispersed and are believed to number in the hundreds if not thousands, individual joinder is impractical in

satisfaction of Fed. R. Civ. Pro. 23(a)(1). The disposition of the claims of the Class members in a single action will provide substantial benefits to all parties and to the Court.

39. Representative Plaintiff's claims are typical of the claims of the Class, as required by Fed. R. Civ. Pro. 23(a)(3) in that Representative Plaintiff received an unsolicited text without her consent from Defendant promoting Defendants' services during the proposed Class Period.

40. The factual and legal bases of Defendants' misconduct are common to all members of the Class and represent a common cause of injury to Representative Plaintiff and the Class members.

41. Numerous questions of law and fact are common to the Class and predominate over questions affecting only individual Class members, as required by Fed. R. Civ. Pro. 23(a)(2). Such common questions including, but are not limited to:

    i. Whether Defendants' conduct constitutes a violation of the TCPA;

    ii. whether the equipment Defendants used to transmit the text messages in question was an automatic telephone dialing system as contemplated by the TCPA; and

    iii. whether Defendants obtained prior express consent to send the text messages in question; and

    iv. whether Class members are entitled to treble damages based on the willfulness of Defendants' conduct.

42. Representative Plaintiff's claims are typical of the claims of the Class because they arise from the same course of conduct by Defendants and the relief sought is common.

43. The Class is ascertainable, as the Class is defined using objective criteria and Class Members who received unsolicited texts from Defendants without their consent are easily identifiable based on existing telephone and other business records.

44. Representative Plaintiff will fairly and adequately represent and protect the

9

Case 3:18-cv-00392   Document 8   Filed 05/07/18   Page 9 of 12 PageID #: 127

Interests of the Class, as required by Fed. R. Civ. Pro. 23(a)(4). Moreover, Representative Plaintiff has retained counsel with substantial experience in the prosecution of nationwide class actions. Representative Plaintiff and her counsel are committed to the vigorous prosecution of this action on behalf of the Class and have the financial resources to do so. Neither Representative Plaintiff nor her counsel have any interests adverse to those of the Class.

45. By sending the unsolicited text messages to the Representative Plaintiff and the Class, Defendants have violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendants' unlawful conduct, the members of the Class suffered actual damages in the form of invasion of privacy, certain charges or reduced telephone time and capacity for which they had previously paid by having to retrieve or administer the Defendants' illegal text messages, as well as the aggravation, nuisance and harassment that necessarily accompanies the receipt of unsolicited, serial text messages. Under section 227(b)(3)(B) are each entitled to, inter alia, a minimum of $500.00 in damages for each such violation of the TCPA, plus additional actual damages as may be appropriate.

46. Should the Court determine that Defendants' conduct was willful and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of damages recoverable by Representative Plaintiff and the other members of the Class.

### **PRAYER FOR RELIEF**

WHEREFORE, Representative Plaintiff respectfully prays for the following relief:

a. An Order certifying the claims of the Representative Plaintiff and all other persons similarly situated as a Class as defined above under the Telephone Consumer Protection Act, and appointing Representative Plaintiff and her counsel as Class representatives and Class counsel, respectively;

b. An award to Plaintiff and the Class of actual and statutory damages;

c. An award to Plaintiff and the Class of treble damages;

d. An injunction requiring Defendants to cease all unsolicited text message activities, and otherwise protecting the interests of Plaintiff and the Class;

e. An award of reasonable attorneys' fees and costs;

f. Trial by jury as to all issues so triable; and

g. Other and further relief as is just and equitable under the circumstances.

## JURY TRIAL DEMANDED

Representative Plaintiff hereby demands a trial by jury as to all issues in the above matter.

DATED: May 7, 2018                                  Respectfully submitted,


*/s/ Joe P. Leniski, Jr.*
Joe P. Leniski, Jr., BPR No. 22891
J. Gerard Stranch, IV, BPR No. 23045
Anthony A. Orlandi, BPR No. 33988
BRANSTETTER, STRANCH &JENNINGS, PLLC
The Freedom Center
223 Rosa Parks Avenue, Suite 200
Nashville, Tennessee 37203
(615) 254-8801
jleniski@bsjfirm.com
gstranch@bsjfirm.com
aorlandi@bsjfirm.com

*Attorneys for Representative Plaintiff*

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on May 7, 2018 a true and correct copy of the foregoing has been served on the following counsel of record via the Court's electronic filing system:

William T. Ramsey
Erik C. Lybeck
Neal & Harwell, PLC
1201 Demonbreun Street, Ste. 1000
Nashville, Tennessee 37203
wtr@nealharwell.com
elybeck@nealharwell.com

*/s/ Joe P. Leniski Jr.*
Joe P. Leniski, Jr.